IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-40898 |
| | ) | |
| ROBERT W. WAGONER, LLC, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on November 20, 2006, regarding the Trustee's notice of intent to sell (Fil. #29) and the objection thereto filed by The State Bank of Cairo (Fil. #37). John A. Wolf appeared as the Chapter 7 Trustee and John Horan appeared for The State Bank of Cairo ("Bank of Cairo").

On September 13, 2006, the Trustee filed his Report of No Distribution (Fil. #12), which included a statement that any nonexempt property should be deemed abandoned pursuant to the notice of the first meeting of creditors and 11 U.S.C. § 554(c). However, on October 12, 2006, the Trustee filed a Withdrawal of Trustee's Report of No Distribution (Fil. #19) indicating that he had become aware of certain assets and property of the estate. On that same day, the Trustee filed a notice (Fil. #20) of his intent to claim certain office furniture and equipment and a 1995 Mazda for administration and distribution in the estate. On October 17, 2006, the Trustee filed a notice (Fil. #29) of his intent to sell the office furniture and equipment and the 1995 Mazda back to Debtor for the purchase price of $2,500.00. Bank of Cairo filed a timely objection (Fil. #37).

Bank of Cairo asserts that it has a perfected security interest in the office furniture and equipment that the Trustee proposes to sell (but not the 1995 Mazda). Bank of Cairo obtained security agreements from Debtor dated September 27, 2002 and April 1, 2003, which granted a security interest in, among other things, Debtor's equipment. Bank of Cairo asserts that it perfected its security interest in the collateral by filing a financing statement with the Nebraska Secretary of State on June 21, 2006. However, the copy of the financing statement filed with the Court does not show when (or if) it was filed with the Nebraska Secretary of State.

In addition to asserting that it has a perfected lien on the office furniture and equipment, Bank of Cairo further argues that the Trustee cannot now withdraw his abandonment notice. It argues that the subject property is deemed abandoned under Rule 6007 of the Federal Rules of Bankruptcy Procedure due to the lack of any objection within 15 days after the filing of the Trustee's Report of No Distribution. Bank of Cairo asserts that once a Chapter 7 Trustee knowingly and properly abandons property of the estate, the abandonment is irrevocable. *See Matter of Enriquez*, 22 B.R. 934 (Bankr. D. Neb. 1982).

Bank of Cairo has misinterpreted Rule 6007 and the Trustee's Report of No Distribution. The 15-day period for filing objections to a proposed abandonment under Rule 6007 is qualified by "[u]nless otherwise directed by the court, * * *." The Trustee's report states that "[i]t is in the best interest of all parties that any such nonexempt property be deemed abandoned pursuant to notice of

the first meeting of creditors and 11 U.S.C. Sec. 554(c)." Section 554(c) provides that unless the court orders otherwise, any unadministered property will be deemed abandoned at the time of closing of a case. This case has not yet closed and, therefore, the deemed abandonment under § 554(c) has not yet occurred. The first meeting of creditors notice provides as follows regarding abandonment of assets:

> Within 21 days after the § 341(a) meeting is held, the trustee will file with the court a list of property to be abandoned. If no objection to the list is filed within 40 days after the § 341(a) meeting is held, the property will be deemed abandoned without further action by the court.

Thus, the first meeting of creditors notice gives a 40-day deadline to file objections before the property is deemed abandoned. That is not inconsistent with the reference in Rule 6007 to 15 days since the court has "otherwise directed" by virtue of the first meeting notice. The Trustee's report was filed on September 13, 2006. The Trustee filed his withdrawal of that report on October 12, 2006. The withdrawal was filed well within the 40-day period after which the assets would be deemed abandoned. Accordingly, abandonment never occurred with respect to the office furniture and equipment and the 1995 Mazda. Therefore, Bank of Cairo's objection to the sale on the grounds that the Trustee's abandonment is irrevocable is overruled.

As indicated previously, Bank of Cairo also objected on the grounds that it is secured by the office furniture and equipment. Bank of Cairo did not, however, object on the basis of the price to be paid. Therefore, the interest, if any, of Bank of Cairo can be protected by allowing any valid liens to attach to the proceeds of the sale. At the hearing, the Trustee argued that Bank of Cairo perfected its security interest within 90 days of bankruptcy filing and that such act of perfection constitutes an avoidable preference. However, the Trustee has not filed a proceeding to avoid Bank of Cairo's lien as of this time and such issue is not ripe for consideration.

IT IS ORDERED: That the Trustee's notice of intent to sell office furniture and equipment and 1995 Mazda back to Debtor (Fil. #29) is granted on the condition that existing liens, if any, shall attach to the proceeds of such sale. If Bank of Cairo and the Trustee are in agreement as to the extent and validity of any lien Bank of Cairo may claim in or to the proceeds, they may file a stipulation with respect to the same. If they are not in agreement, then an adversary proceeding should be commenced.

DATE: November 22, 2006.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
*John A. Wolf

    John Horan
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.